**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 12 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: LOGITECH, INC., _____ LOGITECH, INC.,  Petitioner,  v.  UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO,  Respondent,  JAMES PORATH, individually and on behalf of all similarly situated individuals,  Real Party in Interest. | No. 19-70248  D.C. No. 3:18-cv-03091-WHA  MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted July 18, 2019
San Francisco, California

Before: PAEZ and RAWLINSON, Circuit Judges, and ANELLO,** District Judge.

_____

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Michael M. Anello, United States District Judge for

Petitioner Logitech, Inc. seeks a writ of mandamus directing the district court to withdraw its case management order prohibiting the parties from negotiating settlement as to class claims prior to class certification (the "Order").[1] The parties are familiar with the contours of the Order, so we do not recite them here. We have jurisdiction pursuant to 28 U.S.C. § 1651 and deny the petition.

"The writ of mandamus is a drastic and extraordinary remedy reserved for really extraordinary causes." *In re Van Dusen*, 654 F.3d 838, 840 (9th Cir. 2011) (internal quotations omitted). Whether to grant a writ of mandamus requires a case-by-case analysis of five factors. *Id*. (citing *Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654–55 (9th Cir. 1977)). The third factor, which asks whether the district court's order is clearly erroneous as a matter of law, is necessary. *Id*. at 841. Mandamus review is discretionary and neither depends on—nor necessarily follows from—satisfaction of all the factors. *Cole v. U.S. Dist. Court For Dist. of Idaho*, 366 F.3d 813, 817 (9th Cir. 2004).

Our analysis begins and ends with the third factor: clear error. Logitech argues that the Order clearly violates Federal Rule of Civil Procedure 23, which governs class actions, and the parties' First Amendment petition and speech rights.

---

the Southern District of California, sitting by designation.

[1] The Order includes an exception to the settlement-discussion prohibition where the court has granted a motion for appointment of interim class counsel. Such a motion was denied in this case, but Logitech does not challenge that denial in this mandamus petition.

**1.** We begin with the "nonconstitutional ground[] for decision": whether the Order is clearly erroneous under Rule 23. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99–100 (1981). First, Rule 23 explicitly contemplates the simultaneous certification of a class and settlement, albeit with permissive and not mandatory language: "The claims, issues or defenses of a certified class—*or a class proposed to be certified for purposes of settlement*—may be settled . . . only with the court's approval." Fed. R. Civ. P. 23(e) (emphasis added); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) ("[T]here is nothing inherently wrong with this practice[.]"). Indeed, there are many instances where classes have been certified for settlement, and their settlements have been approved, by scrutinizing courts. *See, e.g.*, *In re Hyundai & Kia Fuel Economy Litig.*, 926 F.3d 539, 552–53 (9th Cir. 2019) (en banc); *Lane v. Facebook, Inc.*, 696 F.3d 811, 818–19, 826 (9th Cir. 2012); *Hanlon*, 150 F.3d at 1025–27.

Second, sections of Rule 23 provide district courts with wide discretion, including the factors to be considered in the appointment of class counsel, which is required before a class can be certified and settled. *See* Fed. R. Civ. P. 23(g)(1)(A)–(B). Further, where class certification and class settlement are sought at the same time, courts "must pay 'undiluted, even heightened, attention' to class certification requirements." *Hanlon*, 150 F.3d at 1019 (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997)); *see also In re Bluetooth Headset Prods.*

*Liability Litig.*, 654 F.3d 935, 947 (9th Cir. 2011) (noting that courts "must be particularly vigilant not only for explicit collusion, but also for more subtle signs that class counsel have allowed pursuit of their own self-interests and that of certain class members to infect the negotiations"). Given the discretion afforded district courts by Rule 23 and its lack of mandatory class settlement language, we cannot say the Order's prohibition on class negotiations before certification is clear error.

In *Gulf Oil*, the Supreme Court considered an order limiting communications between parties and potential class members and recognized that, because class actions present "opportunities for abuse," district courts have "both the duty and the broad authority to exercise control over" such cases—so long as the district courts do not exceed the bounds of the Federal Rules. 452 U.S. at 100. Thus, any restriction on communications that would frustrate the policies of Rule 23 must follow "a specific record showing . . . the particular abuses . . . threatened" and the district court must "giv[e] explicit consideration to the narrowest possible relief which would protect the respective parties." *Id*. at 102 (quotation omitted). Here, the district court did not make specific findings of the abuses or explicitly consider narrower means of protecting the parties from any abuses threatened by pre-certification class negotiations. *See, e.g., Hyundai*, where a class was certified for settlement, the district court "appointed liaison counsel to act on behalf of [the]

4

plaintiffs not participating in [the settlement discussions] and to participate in confirmatory discovery," in addition to ordering "multiple rounds of briefing" and holding numerous hearings "concerning the fairness of the settlement, sufficiency of the class notice, . . . and other issues." 926 F.3d 553–54. Courts can reject class settlements after they have been negotiated, and it is unclear why that approach was not taken here. *See Bluetooth*, 654 F.3d at 945-46 (vacating a class settlement because a problem with the fee award tainted the whole settlement). That the Order appears to be neither drawn as narrowly as possible, nor based on a specific record showing the abuses particular to this case, however, does not amount to clear error.

**2.** We next turn to the First Amendment. Even if the Order "involved serious restraints on expression," *Gulf Oil*, 452 U.S. at 103–04, it is unclear whether the expression is protected by the First Amendment. Discussing and agreeing to class settlement—or petitioning for such a settlement—may not be protected speech because Logitech does not have a right to negotiate with absent, unrepresented, potential class members before there is a class or interim class counsel. *Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1071 (1991). The Order is not clearly erroneous under the First Amendment, and we decline to issue a mandamus order.

**PETITION DENIED.**

5